SIMON DARNE vs. MARGARET BROADWATER.

1. An improper refusal to grant a continuance is error, and is available as well where a non-suit is taken, as where a trial is had.
2. A witness residing eighteen miles from the place of trial was summoned on the 11th. The cause was set for trial on the 13th, but not tried until the 15th. Held, that this was due diligence.

## APPEAL from Callaway Circuit Court.

DAVID TODD, *for Appellant.*

### POINTS AND AUTHORITIES.

The appellant insists :

1. That an inferior court must exercise sound legal discretion in matters of continuance, and such opinion is revisable by this court.

Simon Darne vs. Margaret Broadwater.

2. That reasonable diligence was used by the party, to procure the attendance of the witness by a summons five days before trial, for a witness in the same county but eighteen miles from the place of trial.

3. That after a witness is summoned, that he should be waited upon by the party, and a promise is made to attend under the summons, is more than reasonable diligence, and of itself should entitle the party to a continuance. 1 Mo. Rep. 501; 3 ib. 21; 3 ib. 90; 6 ib. 444.

LEONARD, *for Appellee.*

POINTS AND AUTHORITIES.

1. The refusal of the circuit court to allow the plaintiff a continuance of his cause, cannot be assigned for error, when the plaintiff upon such refusal voluntarily suffers a non-suit.

In all the cases in this court where judgments have been reversed on account of the refusal of a continuance, there were trials, and verdicts and final judgments againts the party complaining. McLane vs. Harris, 1 Mo. Rep. 501; Riggs vs. Fenton, 3 Mo. R. 28; Porter vs. McCullough, 6 Mo. R. 444.

2. The affidavit does not shew due diligence on the part of the plaintiff, in endeavoring to procure the attendence of his witness. Greenleaf's evidence. 363; Hammond vs. Stuart, 1 Strange, 510; Mason vs. Henderson, 3 Monroe Rep., 293.

NAPTON, J., *delivered the opinion of the court.*

This was an action of assumpsit instituted in the Callaway circuit court, the writ being returnable to the October term, 1843, of that court. Issue was taken at that term, and the cause stood continued for the April term, 1844, and was set for trial on the 6th day of that term, which was 13th April. The case was not reached until Monday the 15th day of April, when the plaintiff moved for a continuance. The motion being overruled, the plaintiff took a non-suit, and moved to set it aside, which being overruled, the plaintiff excepted, and the only matter of error assigned in this court is the refusal of the circuit court to grant the continuance.

The motion for a continuance was supported by the affidavit of the plaintiff, which stated that Dr. James Saunders was a material witness; that the facts expected to be proved by him, could not be proved by any

other witness; that the witness was duly summoned; that the affiant called on the witness on the day preceding the day of trial, who admitted that he had been summoned and promised to attend; that the cause of the witness's absence was unknown to affiant, and was not by his connivance, &c. The subpœna was issued on the 8th April, and served on the 11th. It appeared that the witness lived eighteen miles from the place of trial. The case was set for trial on the 13th, but did not in fact take place until the 15th.

The only objection urged to the sufficiency of the facts proved to show due diligence on the part of the plaintiff, is that the subpœna was not served in time to enable the witness to put his affairs in order, and travel to the place of trial. We are unable to see the force of this objection, and if it were entitled to any weight it would seem that the extraordinary diligence of the plaintiff in calling on the witness the day before the trial, and procuring his promise to attend, without any objection by the witness on account of time, would be sufficient to obviate its force.

The refusal to grant a continuance is a matter of error, as has been repeatedly adjudged by this court; and though it has been suggested that these adjudications have been made in cases where a trial was had, no good reason is perceived why the principle is not equally applicable to cases where a non-suit is submitted to, and the consequent expense of a useless investigation saved to the parties.

Judgment of the circuit court will be reversed and the cause remanded for trial.